NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT HENER | : | |
| Plaintiff, | : | Civ. No. 02-1667 (GEB) |
| v. | : | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant United States of America's (the "Government") Motion for Summary Judgment against Plaintiff Robert Hener ("Hener"). The Court has decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, this Court will deny the Government's motion.

I.     **BACKGROUND**

This case arises out of two trust fund recovery penalties assessed against Mr. Hener in connection with two separate corporations with which he was involved in the mid-1990s: Energy Shielding, and Shielding Industries. Gov. Br. 2. On March 5, 1998, the Government filed a third-party complaint against Hener in the case of *Hener v. United States*, No. 97-04254 (D.N.J. filed 27 Aug. 1997) ("Hener I") relating to the Energy Shielding penalty. Following correspondence between the parties on the issue of settlement, the parties reached an oral agreement of settlement at a November 9, 2000 conference before Magistrate Judge Hughes. Hener Br. 5-6. The full scope of the settlement - and in particular, whether or not the settlement

was intended to cover the Shielding Industries penalty as well as the Energy Shielding penalty - is disputed by the parties. The settlement agreement was never set out in writing. No transcript of the settlement conference exists. *Id.*, at 5.

On April 11, 2002, Hener filed a Complaint against the Government in this Court, contesting the time period covered by the settlement agreement insofar as it related to the Energy Shielding penalty. *See generally* Hener Compl. On May 29, 2003, the Government filed an answer and counter-claim against Hener arguing (i) that the 9306 period for Energy Shielding was not covered by the settlement agreement with the Government (and that Hener therefore owed penalty money for that period) and (ii) counterclaiming that Hener had failed to pay the penalty assessed against him as a responsible officer of Shielding Industries. Gov. Answer and Countercl. ¶ 40. On October 3, 2005, the Government filed a motion for summary judgment urging the Court to find that the settlement agreement between the parties did not cover Mr. Hener's potential Shielding Industries liability, and that Mr. Hener was a "responsible" person who "willfully" helped Shielding Industries evade taxes under 26 U.S.C. § 6672.

## II. DISCUSSION

The Government claims that it is entitled to a summary judgment finding that (i) the parties have not settled the Shielding Industries liability and (ii) that Mr. Hener is liable for the Shielding Industries trust fund recovery penalty. *See* Gov. Br. 5, 7. This Court finds that the Government has failed to show that it is entitled to summary judgment on those issues.

### A. Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV.

P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

      B.      **Application**

           1.      **Whether the parties settled the Shielding Industries liability**.

The Government requests that this Court find that the settlement entered into by the parties before Judge Hedges settled only Mr. Hener's Energy Shielding liability. Gov. Br. 5-6. Mr. Hener responds that summary judgment is inappropriate because there is a genuine issue of material fact as to the scope of the settlement. Hener Opp'n 5-11. This Court agrees with Mr. Hener.

The federal common law of contract applies in the case at bar. Indeed, "[b]asic contract principles apply to settlement agreements," *Williams v. Metzler*, 132 F.3d 937, 946 (3d Cir. 1997); *see also Promotion in Motion v. Kenny's Candy Co.*, No. 97-3512, 1999 U.S. Dist., LEXIS 22173, at *10 (D.N.J. June 25, 1999) ("A settlement agreement between parties to a lawsuit is a contract."), and the "obligations to and rights of the United States under its contracts

3

are governed exclusively by federal law," *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988); *United States v. Yusuf*, No. 05-3019, 2006 U.S. App. LEXIS 22882, at *7 (3d Cir. Sep. 7, 2006) (applying federal common law of contract to case involving "obligations to and rights of the United States under its contracts.").

"Giving content to that federal law, however, can be accomplished in two different ways: courts can look to state law and incorporate it into the federal law, or they can fashion federal common law. Where Congress has made the choice between the two, its decision governs." *Fisher Dev. Co. v. Boise Cascade Corp.*, 37 F.3d 104 (3d Cir. 1994). Where, as here, there is no applicable legislative history,

> courts must make the choice between incorporating state law or fashioning federal common law after considering three factors: (1) whether the issue requires a nationally uniform body of law; (2) whether application of state law would frustrate specific objectives of the federal programs; and, (3) whether application of a federal rule would disrupt commercial relationships predicated on state law.

*Id.*, at 108-09 (quotations omitted). Under the circumstances of the case at bar, this Court will refer to New Jersey contract law.

In interpreting contracts, courts focus on the language of the contract and the intent of the parties. *Highland Lakes Country Club & Cmty Ass'n v. Franzino,* 186 N.J. 99, 115 (N.J. 2006) In determining the parties' intent, courts must take into consideration "the contractual terms, the surrounding circumstances, and the purpose of the contract." *Id.*, at 116; *see also Cruz-Mendez v. Isu/Insurance Serv.*, 156 N.J. 556, 570-71 (1999) ("When interpreting a contract, our goal is to ascertain the intention of the parties to the contract as revealed by the language used, taken as an entirety[,] the situation of the parties, the attendant circumstances, and the objects they were

4

thereby striving to attain.") (quotations omitted).

The circumstances of the settlement agreement and the intent of the parties are subject to some debate. The Government argues that none of the pleadings in Hener I made any reference to Hener's Shielding Industries liability. Gov. Br. ¶ 4. The Government also claims that counsel for plaintiff never mentioned, prior to or during the settlement conference, that the settlement was intended to cover liabilities relating to Shielding Industries. *Id.*, at ¶¶ 5-7. The Government therefore argues that it never agreed to settle Mr. Hener's Shielding Industries liabilities.

Mr. Hener, on the other hand, argues that all the correspondence between counsel for the parties prior to the oral settlement agreement before Judge Hedges indicates that Mr. Hener was offering to settle "*all* unpaid [Trust Fund Recovery Penalties] and periods for which [he] was then allegedly liable." Hener Opp'n 9 (emphasis added). Moreover, Mr. Hener argues that "[e]very notice by the IRS to Robert Hener or his counsel referred to *all* of the TFRPs." *Id.* (emphasis added).

Without expressing an opinion on the relative merits of each party's contentions, and viewing the underlying facts and draw all reasonable inferences in favor of the non-moving party, this Court holds that there is a genuine issue of material fact as to whether or not the settlement agreement between the parties covered Mr. Hener's Shielding Industries liability. See FED. R. CIV. P. 56(c); *Pa. Coal Ass'n*, 63 F.3d at 236 (3d Cir. 1995). This Court will therefore deny the Government's motion for summary judgment on this issue.

**2.    Whether Hener is liable for a trust fund recovery penalty for Shielding Industries.**

The Government also requests that this Court find Mr. Hener liable under 26 U.S.C. § 6672 for a trust fund recovery penalty in connection with Shielding Industries. That statute provides, in relevant part, that

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. 6672(a).  In essence, "[t]he question of debtor's liability under Section 6672 presents two issues: first, whether debtor is a responsible person; second, whether debtor willfully failed to collect or truthfully account for and pay over such tax." *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 927 (3d Cir. 1990), *citing George v. United States*, 819 F.2d 1008, 1011 (11th Cir. 1987).

The Government now asks the Court for summary judgment on precisely those two issues, *i.e.*, finding Mr. Hener liable because he was a "responsible person" at Shielding Industries who "willfully" attempted to evade tax payments by preferring other creditors over the United States.  Gov. Br. 8-9.  Mr. Hener responds that both the record and Mr. Hener's January 5, 2006 Declaration raise genuine issues of material fact as to whether he was a "responsible person under 26 U.S.C. § 6672 and whether his actions were "willful" under the statute.  This Court agrees with Mr. Hener.

      *a.*  Was Mr. Hener a "responsible person" under the statute?

"A responsible person is a person required to collect, truthfully account for or pay over any tax." *Quattrone*, 819 F.2d at 927, *citing Slodov v. United States*, 436 U.S. 238 (1978). "Responsibility is a matter of status, duty or authority, not knowledge." *Quattrone*, at 927. "A person is responsible if the person has significant, though not necessarily exclusive, control over the employer's finances." *Id.*, *citing United States v. Vespe*, 868 F.2d 1328, 1332 (3d Cir. 1983). "A person has significant control if he has the final or significant word over which bills or creditors get paid." *Quattrone*, at 927, *citing Commonwealth Nat'l Bank of Dallas v. United States*, 665 F.2d 743, 757 (5th Cir. 1982).

> In determining whether an individual is a person responsible for paying over a tax, courts . . . consider (1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs.

*Brounstein v. Untied States*, 979 F.2d 952, 954-55 (3d Cir. 1992).

  The Government's argument hinges on its allegations that Mr. Hener was president and part owner of Shielding Industries, hired and fired employees at Shielding, and "guaranteed corporate bank loans for Shielding Industries." Gov. Br. ¶¶ 11-14. Hener responds that he was merely a minority owner of Shielding Industries, was not a director of Shielding Industries, had no input into Shielding Industries' finances, and did not, at any relevant time "have the power or authority to effect the payment or non-payment of Shielding Industries taxes." Hener Declaration ("Hener Decl.") ¶¶ 19-23. Hener adds that "[a]t all times relevant[, Morris Gianelli, a Shielding

Industries accountant,] had sole responsibility for the preparation and submission of employment tax returns." *Id.*, at ¶ 26.

In light of these allegations, and drawing all reasonable inferences in favor of the non-moving party, this Court finds that the Government has failed to prove that there are no genuine issues of material fact as to whether Mr. Hener was a "responsible person" at Shielding Industries under 26 U.S.C. § 6672(a). The Court will therefore deny the Government's motion for summary judgment on this issue.

<blockquote>b.     Were Mr. Hener's actions "willful" under the statute?</blockquote>

"[U]nder section 6672(a), willfulness is a voluntary, conscious and intentional decision to prefer other creditors over the Government." *Greenberg v. United States*, 46 F.3d 239, 244 (3d Cir. 1994). "A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid." *Id.*, *citing Brounstein*, 979 F.2d at 955-56. "In order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to IRS." *Greenberg*, at 245. "Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid." *Id.*, *quoting Morgan v. United States*, 937 F.2d 281, 286 (5th Cir. 1994).

The Government argues that, "[p]rior to the periods at issue, in late 1991 or early 1992, Hener learned that Shielding Industries had not been paying its employment taxes" and had "not paid all its back overdue employment taxes." Gov. Br. ¶¶ 15-16. In addition, the Government claims that Hener, together with others, "adopted a plan . . . to keep the company afloat, despite

8

the unpaid employment taxes," "decided which creditors of the company to pay," and "signed numerous checks to creditors besides the United States." *Id*., at ¶¶ 18-19.

Mr. Hener replies that he was told by the Shielding Industries accountant that all payments for back taxes had been made, and insists that he was not aware of any "unpaid payroll taxes for Shielding Industries." *Id.*, at ¶¶ 28-29. Mr. Hener adds that he was told by "one or more employees in the accounting department [that] they were staying current with all Shielding Industries taxes, had satisfied some of Energy Shielding's back taxes and would keep current with Shielding Industries taxes on a going forward basis." *Id.*, at ¶ 34. Mr. Hener claims to have only learned that Shielding Industries had an employment tax liability around the time Shielding Industries filed for Chapter 11 Bankruptcy, in January 1993. *Id.*, at ¶¶ 37-38. Mr. Hener claims not to have had, at any relevant time, "the power or authority to effect the payment or non-payment of Shielding Industries taxes," *id.*, at ¶ 38, and argues that by the time he learned that Shielding Industries had unpaid payroll taxes, the company "had no unencumbered funds with which to pay its unpaid payroll taxes." *Id.*, at ¶ 39.

In light of these allegations, and drawing all reasonable inferences in favor of the non-moving party, this Court finds that the Government has failed to prove that there are no genuine issues of material fact as to whether Mr. Hener "willfully" attempted to evade tax payments by preferring other creditors over the United States. The Court will therefore deny the Government's motion for summary judgment on this issue.

**III.     CONCLUSION**

For the foregoing reasons, the Government's motion for summary judgment is denied.

An appropriate form of Order accompanies this Memorandum Opinion.


Dated September 29, 2006


        s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.